# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BOBBY JEHU STROUP,

    Plaintiff,

vs.

T. BISHOP, *et al.*,

    Defendants.

3:07-cv-0099-BES (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

November 7, 2007

    This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a temporary restraining order and/or preliminary injunction (#16). Defendants MacArthur and Williamson filed an opposition (#22), as did defendants Bishop, D'Amico and McDaniel (#23). Plaintiff replied (#28). The court has thoroughly reviewed the record and the motions and recommends that plaintiff's motion for a temporary restraining order and/or preliminary injunction (#16) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff Bobby Jehu Stroup ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#4). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. Plaintiff names as defendants T. Bishop, ESP physician; Steven MacArthur, former ESP physician; L. Williamson, former ESP physician; Theodore D'Amico, NDOC Medical Director; and E.K. McDaniel, ESP Warden. *Id*.

    Plaintiff alleges that he received no treatment after he complained to defendant Williamson of neck and back pain in December 2002, and was sent for neck x-rays in January 2003, which confirmed that he had narrowing disk space and bony growths on his spine. *Id*.

1  Plaintiff further alleges that he sent a letter to defendant D'Amico in November 2003 requesting
2  treatment for his condition and that defendant D'Amico responded by telling him, "remain
3  complaint and you will receive appropriate and adequate medical attention." *Id*. Plaintiff further
4  alleges that in February 2004, he saw defendant MacArthur for neck pain, pain throughout his
5  body, loss of balance, being disoriented, and involuntary bowl movements, but that defendant
6  MacArthur told him "there is nothing wrong with you and no need for treatment." *Id*. Plaintiff
7  claims that he sent a kite to defendant McDaniel in March 2006, telling him of his pain, but
8  received no response. *Id*. Plaintiff then allegedly verbally told defendant McDaniel of the pain,
9  to which defendant McDaniel replied that "medical" had advised him that plaintiff's complaints
10 had been addressed. *Id*. After another x-ray in June 2006, plaintiff claims he was diagnosed with
11 "cervical spondylosis, a degenerating of the cervical vertebrae and formations of bony growths
12 on the cervical spine, osteophytes." *Id*. Plaintiff alleges that, although he is still in pain, he has
13 never received any medical treatment from any of the defendants. *Id*.

14  The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
15 appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
16 of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see
17 also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A. Discussion**

**1. Preliminary Injunction Standard**

The Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief... .

18 U.S.C. § 3626(2).

1    The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). Alternatively, the moving party may demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor. *Johnson*, 72 F.3d at 1430 (emphasis added); *see also Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003). The Ninth Circuit has stated that these alternatives represent "extremes of a single continuum" rather than two separate tests and thus, the "greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813.

A prohibitory injunction preserves the status quo while litigation is pending, while a mandatory injunction provides preliminary relief well beyond maintaining that status quo. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Mandatory preliminary injunctions are disfavored, and "the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id*. (quoting *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976). The "granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court." *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 325 F.2d 141, 143 (9th Cir. 1964).

**2. Temporary restraining order**

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *Brown Jordan Intern., Inc., v. Mind's Eye*, 236 F. Supp.2d 1152, 1154 (D. Haw. 2002). Moreover, it is appropriate to treat a non-*ex parte* motion for a temporary restraining order and preliminary injunction as a motion for a preliminary injunction. *See* 11A Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE CIV. 2d § 2951 (2007) ("When the opposing party actually receives notice of the application for a restraining order, the procedure

3

that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.").

### B. Analysis

Plaintiff requests that this court issue an injunction requiring defendants to "stop the pain and relieve the symptoms that cause the pain, now, and in the future" (#16). Defendants argue that plaintiff has been consistently treated for his condition, and that he has failed to produce any evidence that he is not being properly treated or is entitled to different treatment from that which he is receiving (#23). Moreover, defendants note that plaintiff fails to state exactly what kind of treatment he is requesting such that defendants are unable to address plaintiff's request on the merits. *Id*. Plaintiff responds that defendants do not state when the "consistent" treatment occurred and that defendants only recently issued him a cervical pillow (#28). Plaintiff further contends that when he informs medical staff that their Ibuprofen and Advil treatments do not work, plaintiff should be prescribed a pain reliever and/or muscle relaxant that would work to stop the pain resulting from his spine compressing.[1] *Id*.

#### 1. Likelihood of Success on the Merits

To obtain a preliminary injunction, plaintiff must offer evidence that there is a likelihood he will succeed on the merits of his claim. *Johnson*, 72 F.3d at 1430. "Likelihood of success on the merits" has been described as a "reasonable probability" of success. *King v. Saddleback Junior College Dist.*, 425 F.2d 426, 428-29 n.2 (9th Cir. 1970).

A prison official violates the Eighth Amendment when he acts with "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To establish an Eighth Amendment violation, a plaintiff's case must satisfy an objective standard – that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard – deliberate indifference. *Id*. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991).

---

[1] Defendants MacArthur and Williamson argue that plaintiff's claims against them are barred by the statute of limitations (#22). Defendants make this same argument in their motion to dismiss (#14). In a separate report and recommendation, the court granted defendants' motion to dismiss based on the expiration of the statute of limitations and so here does not address this issue here.

4

1  The objective standard, a "serious medical need," is met if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Ninth Circuit's examples of serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations omitted).

The subjective standard of deliberate indifference requires "'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835, *quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. It is the equivalent of recklessly disregarding a substantial risk of serious harm to the inmate. *Id.* Prison medical staff do not violate the Eighth Amendment simply because their opinion concerning medical treatment conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Defendants do not deny that plaintiff has a degenerative, arthritic condition; instead, they merely contend that plaintiff is receiving sufficient treatment for his ailments (#23). The court concludes that plaintiff's medical need is "serious" because it is "chronic and substantial" and appears to "significantly" affect plaintiff's daily activities. *See Lopez*, 203 F.3d at 1131.

As to the subjective prong, plaintiff has not produced evidence to demonstrate to the court that defendants have failed to treat him. Plaintiff admits that he has received Ibuprofen and Advil to treat his pain, *see* #28, but contends that it does not work. The fact that plaintiff has received *some* care indicates that defendants have not altogether ignored plaintiff's pain. Because there is no evidence before the court indicating that defendants have outright denied plaintiff treatment, the court cannot find at this time that plaintiff is likely to succeed on the merits of his claim.[2]

---

[2] However, the court does note that plaintiff alleges his pain is worsening and that he has consistently informed defendants that the treatment they are providing is not effective. Clearly, this should be a consideration in treating plaintiff's condition.

**2. Irreparable Injury**

To obtain a preliminary injunction, plaintiff must offer evidence that he will be irreparably injured without the injunction. *Johnson*, 72 F.3d at 1430. "Courts generally do look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. California Bd. Of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991) *citing Caribbean Marine*, 844 F.2d at 674 ("a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

Plaintiff alleges that he has been living with this condition for a number of years. There is no evidence currently before the court to indicate that his condition has worsened or will worsen without the pain medication that plaintiff is requesting. The court observes that pain medication is not a cure for plaintiff's ailment. The court concludes that it has before it no evidence of irreparable harm.

**3. Balance of Hardships and Public Interest**

Because the court concludes that plaintiff failed to demonstrate a likelihood of success on the merits and irreparable injury, the court has not addressed the balance of hardships or public interest elements.

**4. Alternative Test**

The Ninth Circuit has held that as an alternative to the four traditional equitable criteria for relief through preliminary injunction, plaintiff may prove either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. *Southwest Voter Registration Educ. Project*, 344 F.3d at 917 (emphasis added). Above the Court concluded that plaintiff has not shown that he can meet the first alternative test – a likelihood of success on the merits and irreparable injury.

Regarding the second alternative test, although there are some questions as to the effectiveness of the treatment plaintiff is receiving, there are not at this time "serious" questions as to plaintiff's Eighth Amendment claim. Further, the balance of hardships do not tip "sharply" in plaintiff's favor; while plaintiff's pain is indeed a strong consideration, defendants also have

6

1  an interest in the efficient and effective use of the prison's limited resources. Thus, plaintiff has
2  not met the second alternative test.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not provided evidence to the court that he is likely to succeed on the merits of his Eighth Amendment claim, nor has he demonstrated he will suffer irreparable harm in the absence of an injunction. As such, the court recommends that plaintiff's motion for a temporary restraining order and/or a preliminary injunction (#16) be **DENIED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a temporary restraining order and/or preliminary injunction (#16) be **DENIED**.

**DATED:** November 7, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**